# In the United States Court of Federal Claims

No. 25-1743

Filed: June 29, 2026

| | |
|---|---|
| JONATHAN DANIEL SADLER, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant.* | ) |

Jonathan Daniel Sadler, *pro se*.

An Hoang, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice for the United States. Brett A. Shumate, Patricia M. McCarthy, Steven J. Gillingham, *of counsel*.

## OPINION AND ORDER

Mr. Sadler, proceeding pro se,[1] claims to be owed monetary damages from the United States and unrelated nonmonetary relief. Although his filings are difficult to follow, it appears

---

[1] Mr. Sadler insists that he is proceeding *in propria persona* rather than *pro se*. ECF No. 1-1 at 5. In modern usage, there is no difference between these two terms. *E.g.*, *Wik v. Kunego*, No. 11-CV-6205-CJS, 2014 WL 1746477, at *5 (W.D.N.Y. Apr. 30, 2014) ("*Pro se* is synonymous with *in propria persona*."). And the prior distinction between the terms does not help Mr. Sadler:

> According to Black's Law Dictionary, it was formerly a rule of pleading that an attorney, as an officer of the court, could not appear before a court which did not have jurisdiction. By appearing with an attorney, the party was admitting the jurisdiction of the court. Any challenge to jurisdiction would have to be made without an appearance by counsel. A person making such a challenge, then, would appear "in their own person," or *in propria persona*.
>
> On the other hand, a person appearing at any time without counsel is proceeding *pro se*. Thus, a non-attorney appearing to challenge jurisdiction was both *in propria persona* and *pro se,* but the designation of their status as *in propria persona* would not survive

that he accumulated some commercial debts. His creditors apparently included American Express, Discover, SAFE Federal Credit Union, First Citizens Bank & Trust, Citibank, Chase, and Atrium Health. ECF No. 1-1 at 5–6; *see also* Exs 4–10 (ECF No. 1-1 at 93-744). Altogether, these debts totaled more than $260,000. ECF No. 1-1 at 30.

Mr. Sadler attempted to pay these debts with "GSA-Form Bonds" that he sent to his creditors. ECF No. 1 at 6–7.[2] Mr. Sadler believes that, by sending these bonds, "the charges were discharged." Lee Affidavit ¶ 11 (ECF No. 1-1 at 20).[3] His creditors, however, did not accept these bonds as payment of Mr. Sadler's debts. *Id*. He believes they had no choice but to accept.

Mr. Sadler also sent a document to the United States Treasury that he believed created a contract with the United States; consequently, he believes this contract was breached. ECF No. 1 at 8; *see also id*. Ex. 1 (ECF No. 1-1 at 38–56). Mr. Sadler contends that he is now owed more than $65 million and wants his commercial liabilities discharged. ECF No. 1 at 7–8; *see also* ECF No. 1-1 at 32.

## I.      Jurisdiction and Standard of Review

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998)). This court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this court has subject-matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* In certain circumstances, the Takings Clause of the Fifth Amendment can serve as a money-mandating source of law under the Tucker Act. *Bd. of Supervisors of Issaquena Cnty. v. United States*, 174 Fed. Cl. 315, 321–22 (2024).

the determination of jurisdiction, and they would be proceeding solely with *pro se* status thereafter if no counsel appeared.

*United States v. Goldberg*, 937 F. Supp. 1121, 1125 n.1 (M.D. Pa. 1996), *aff'd*, 133 F.3d 911 (3d Cir. 1997) (citing Black's Law Dictionary 792, 1221 (6th ed. 1990)) (cleaned up). In other words, if Mr. Sadler were correct, his appearance *in propria persona* would mean he is challenging the court's jurisdiction and likely conceding the Government's motion to dismiss for lack of subject-matter jurisdiction.

[2] Because the complaint does not contain numbered paragraphs, the court cites to the page numbers in the ECF header.

[3] Because Mr. Sadler filed all the exhibits to his complaint in one document without consecutive page numbering, the court cites to the ECF header.

When deciding a Rule 12(b)(1) motion to dismiss, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). The plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted). The court may consider matters outside the pleadings relevant to the jurisdictional inquiry. Complaints filed by pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). But "the leniency afforded pro se litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## II. Discussion

### A. All claims against entities other than the United States are dismissed for lack of subject-matter jurisdiction.

This court lacks subject-matter jurisdiction to hear claims against any party other than the United States. As the Supreme Court of the United States explained,

> upon a review of the statutes creating the court and defining its authority, [this court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.

*United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals[.]"). As a result, Mr. Sadler's claims against private individuals—lawyers in South Carolina, executives of Mr. Sadler's creditors, and an executive of a health care company—must be dismissed. *E.g.*, *Martin v. United States*, No. 22-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals, even individuals alleged to be federal officials.").

The same is true of the claims against South Carolina court officials that are named as defendants, which are the Clerk of Court for the York County Court of Common Pleas, two judges of that court, two additional "judicial officer[s],"[4] and, perhaps, a mediator. *See* ECF No. 1 at 1, 4–5. Putting aside that there is no apparent allegation that these individuals did anything to harm Mr. Sadler, this court lacks subject-matter jurisdiction to hear any claims against "state and local entities and people employed by state and local entities." *Wilson v. United States*, 173 Fed. Cl. 475, 478 (2024) (citing *Curry v. United States*, 787 F. App'x 720, 722–23 (Fed. Cir. 2019)). Mr. Sadler's assertion that the United States is doing business as these individuals does

---

[4] Although unclear, it appears the two "judicial officers" are private attorneys rather than court officials. Either way, this court lacks subject-matter jurisdiction to hear claims against them.

not establish this court's jurisdiction.  And to the extent that Mr. Sadler is attempting to challenge the decisions of the York County Court of Common Pleas, this court similarly lacks subject-matter jurisdiction.  *Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) ("[T]o the extent that the complaint . . . could be read to include a request that this court invalidate or otherwise reverse [a] state court decision . . . the court is powerless to review the decisions of state courts."); *see also Jackson v. United States*, No. 25-1952, 2026 WL 1648911, at *5 (Fed. Cl. June 4, 2026) (collecting cases).

Even if the court did not lack subject-matter jurisdiction over the defendants other than the United States, Mr. Sadler's claims against them are still outside this court's subject-matter jurisdiction.  Attached to the complaint is an "accounting statement" that sets forth the bases of the damages that Mr. Sadler seeks.  ECF No. 1-1 at 28–32.  Mr. Sadler alleges that the "d/b/a defendants"—the defendants other than the United States—committed torts, violated various statutes, and violated provisions of the Constitution.  *Id.*  Because none of these claims are money-mandating, this court lacks subject-matter jurisdiction (in addition to the lack of subject-matter jurisdiction under *Sherwood*, as discussed above).

To the extent that Mr. Sadler believes that his creditors' acts "result[ed] in loss of credit reporting status," ECF No. 1-1 at 30, he has not identified any basis to conclude that such a claim is money-mandating, and the court cannot identify one.  To the extent this is a tort claim, the court lacks jurisdiction to hear it.  28 U.S.C. § 1491(a)(1); *see Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).  Similarly, his assertion that he is owed damages for violations of the Sherman Act, 15 U.S.C. § 1, also are misplaced because "this court does not have jurisdiction to hear claims under the Sherman Act."  *Akinro v. United States*, 91 Fed. Cl. 650, 655 (2010).

Mr. Sadler also alleges violation of his freedom of speech.  ECF No. 1-1 at 30–31.  This court, however, lacks jurisdiction over claims under the First Amendment because it is not money-mandating.  *Hufford v. United States*, 87 Fed. Cl. 696, 705 (2009).  The same is true of Mr. Sadler's claims under the Sixth Amendment for violating his speedy trial right, and Eighth Amendment for "excessive bail" and "cruel and unusual punishment."  ECF No. 1-1 at 30–31; *Kenyon v. United States*, 683 F. App'x 945, 948 (Fed. Cir. 2017).  This court also lacks jurisdiction over any claims under the criminal code, including Mr. Sadler's claims of criminal conduct in violation of 18 U.S.C. §§ 241–42.  *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  Nor can this court hear Mr. Sadler's complaints of improper collection efforts.  *Robinson v. United States*, No. 16-370T, 2017 WL 151632, at *1 (Fed. Cl. Jan. 13, 2017) ("[T]o the extent that plaintiff seeks damages resulting from allegedly improper collections activities, such a claim is not within our court's subject-matter jurisdiction.").[5]

---

[5] There are two numbered paragraphs listing harms for which Mr. Sadler does not apparently seek damages because he identifies zero dollars for each.  ECF No. 1-1 at 31–32 (¶¶ 5, 7).  Even if he believes these allegations entitle him to compensation, the court does not have jurisdiction over them.  His false imprisonment claim (¶ 5) is either a tort that this court lacks jurisdiction over, or a claim of unlawful seizure under the Fourth Amendment.  This court lacks jurisdiction over claims under the Fourth Amendment.  *Kenyon*, 683 F. App'x at 948.  And the claim of destruction of property (¶ 7) appears to allege tort claims that are, again, beyond this court's jurisdiction.

**B.    Mr. Sadler's allegations that he has a contract with the United States are frivolous.**

"To prove the existence of a contract with the government, a plaintiff must prove four basic elements: (1) mutuality of intent to contract; (2) offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States." *Hometown Fin., Inc. v. United States*, 409 F.3d 1360, 1364 (Fed. Cir. 2005). "As a general rule, if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the Claims Court to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (citations omitted). But the allegation does not always confer jurisdiction. This court lacks subject-matter jurisdiction over contract claims that are "frivolous, wholly insubstantial, or made solely for the purpose of obtaining jurisdiction." *Id*. Here, this court lacks jurisdiction over Mr. Sadler's contract claim against the United States because the breach of contract allegation is patently frivolous.

Mr. Sadler claims that Exhibit 1 to his complaint is a contract with the United States. It is not. Exhibit 1 is a letter that Mr. Sadler sent to various officials of the U.S. Treasury. ECF No. 1-1 at 39. In it, Mr. Sadler purports to accept what he claims is an offer by the President of the United States (he does not identify which one) contained in the President's oath of office. *Id.* Specifically, Mr. Sadler's letter states:

> I accept the President's Oath as an offer to me made in good faith and I respectfully demand that he work for my benefit. I accept the President's position as executive Trustee and publicly declare him to be the executive trustee in regard to each trust mentioned herein. I accept my position as Depositor/Grantor/Beneficiary of these several trusts.

*Id*. at 41. He also claims an interest in certain trusts he claims were established by President Roosevelt. *Id*. The basis of Mr. Sadler's contract claim is the following portion of his letter:

> You have thirty (30) days to rebut this document, point by point as described herein, or you stand in complete agreement. Non-response is agreement. Partial response is agreement. Rebuttal must be in written form with legal/lawful, verified, certified documentation in law accompanied by copies of said law, and provided under penalty of perjury pursuant to 28 U.S.C. section 1746. Ignorance of the law is no excuse.

*Id*. at 40.

Nothing in Mr. Sadler's letter supports a non-frivolous claim that there is a contract with the United States because such a contract requires "'a manifestation of mutual assent.'" *Rohland v. United States*, 136 Fed. Cl. 55, 67 (2018) (quoting Restatement (Second) of Contracts § 3 (Am. Law Inst. 1981)). Thus, "[a] person simply cannot, as plaintiff has attempted, unilaterally impose a 'settlement agreement' (or any type of contract) on another party." *Id*.; *see also Harvey v. United States*, 149 Fed. Cl. 751, 771 (2020), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021) (quoting

*Rohland*, 136 Fed. Cl. at 67); *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003); *Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998) ("Silence in and of itself is not sufficient to establish a demonstrated acceptance of the contract . . . ."). There is nothing indicating that anyone working for the United States ever agreed to the terms in Mr. Sadler's letter; he is the only person that signed it. The claim that the letter is a contract is frivolous. Virtually identical bonds, complaints, and responses to motions to dismiss have appeared in several recent cases, and every member of this court has found such contract claims to be frivolous because there is no indication of assent by the United States. *See, e.g.*, *Jackson v. United States*, No. 25-1952, 2026 WL 1648911, at *5 (Fed. Cl. June 4, 2026); *Esquivel v. United States*, No. 25-1900, 2026 WL 948627, at *5 (Fed. Cl. Apr. 6, 2026); *Anderson v. United States*, No. 25-1544, 2025 WL 3720429, at *4 (Fed. Cl. Dec. 23, 2025). The same is true of the documents included in Exhibits 4–10, which do not reflect any acceptance by the United States to contract with Mr. Sadler.

Mr. Sadler also points to a letter from Sir Gary Lee stating that Mr. Sadler has a funded Treasury Direct Account, a private bond that is unsigned, and screenshots of something that Mr. Sadler claims is Treasury Direct. ECF No. 1 at 3; ECF No. 1-1 at 57–62. The fact that the Government may have opened a Treasury Direct account for Mr. Sadler does not show that there is a contract with the United States. The ministerial act of opening a Treasury Direct account does not show the acceptance of a contract. *Jackson*, 2026 WL 1648911, at *6; *Esquivel*, 2026 WL 948627, at *6; *Anderson*, 2025 WL 3720429, at *5.

Mr. Sadler also fails to establish a contractual or trust relationship with the United States based on his birth certificate. *See* ECF No. 6 at 7. In support of this, he filed a "Notice of the Existence of the Birth Certificate Trust aka Legacy Account," ECF No. 11, and the "Affidavit of Wesley Jarvis RE CUSIP SEC Registration of Birth Certificate, PROVING DEPOSIT," ECF No. 12. This theory that one's birth certificate creates an account from which one can collect funds is frivolous. *E.g.*, *Jackson*, 2026 WL 1648911, at *6 (collecting cases).

### C. Mr. Sadler's motion to strike the Government's motion to dismiss and his attack of Government counsel are both meritless.

Mr. Sadler includes two motions in his response to the Government's motion to dismiss. First, he moves to strike the motion to dismiss because he believes it is frivolous. ECF No. 6 at 3–4. As should be clear by now, the Government's motion is not frivolous and the motion to strike it is denied.

Second, Mr. Sadler states that the Government attorneys should be disbarred for making false statements in the motion to dismiss. ECF No. 6 at 4. The court construes this as a motion to refer counsel for disciplinary proceedings, which is wholly without merit and appears designed solely to harass Government counsel. There is nothing about raising a jurisdictional defense to frivolous claims that warrants any disciplinary action by the court. *See* Rule 83.2(c). This motion is denied as well.

**D.    Transfer is not in the interest of justice.**

Pursuant to 28 U.S.C. §1631, when the court determines that it lacks jurisdiction, the court shall transfer the case to a court in which the case could have been filed if doing so "is in the interest of justice."  Because Mr. Sadler's claims are frivolous, it is not in the interest of justice to transfer this case to another court.  *Young v. United States*, 88 Fed. Cl. 283, 292 (2009) (collecting cases).

**III.    Conclusion**

For these reasons, the court **GRANTS** the Government's motion to dismiss for lack of subject-matter jurisdiction, ECF No. 5.  Mr. Sadler's motion to strike and motion to refer counsel to disciplinary proceedings, ECF No. 6, are **DENIED**.  The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge